UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

MYRIAM PARADA,

                Plaintiff,

v.

ANOKA COUNTY; JAMES STUART, *Anoka County Sheriff*; JOHN DOE, *unknown deputies/employees of the Anoka County Sheriff's Department*; JANE DOE, *unknown deputies/employees of the Anoka County Sheriff's Department*; CITY OF COON RAPIDS; and NIKOLAS OMAN, *Coon Rapids Police Officer; all individuals being sued in their individual and official capacity*,

                Defendants.

No. 18-795 (JRT/TNL)

**MEMORANDUM OPINION AND ORDER DENYING DEFENDANTS' MOTION TO STAY PROCEEDINGS**

Alain M. Baudry and Matthew R. Veenstra, **SAUL EWING ARNSTEIN & LEHR LLP**, 33 South Sixth Street, Suite 4750, Minneapolis, MN 55402; Ian Bratlie and Teresa J. Nelson, **ACLU of MINNESOTA**, 709 South Front Street, Suite 1B, Mankato, MN 56001; Amanda R Cefalu and Nathan T. Boone, **KUTAK ROCK**, 60 South Sixth Street, Suite 3400, Minneapolis, MN 55402, for plaintiff.

Andrew T. Jackola, Jason J. Stover, and Robert I. Yount, **ANOKA COUNTY ATTORNEY**, 2100 Third Avenue, Suite 720, Government Center, Anoka, MN 55303, for defendants Anoka County, James Stuart, and Jane and John Doe.

Ryan M. Zipf, **LEAGUE OF MINNESOTA CITIES**, 145 University Avenue West, St. Paul, MN 55103, for defendants Nikolas Oman and City of Coon Rapids.

Defendants Anoka County and Sheriff Stuart (collectively, "Defendants") move the Court to stay the proceedings pending Sheriff Stuart's appeal to the Eighth Circuit so that all remaining claims may be resolved simultaneously to conserve judicial resources. Plaintiff Myriam Parada ("Parada") argues that further delay would prejudice her interests and potentially create undue hardship. Because Defendants have not shown that continuing with proceedings would result in any prejudice to their interests, the Court will find that they have not established a stay is warranted. Accordingly, the Court will deny the Motion to Stay Proceedings.

**BACKGROUND**

The Court thoroughly explained the factual and procedural background of this case in its August 25, 2020 Order. *See Parada v. Anoka County*, No. 18-795, 2020 WL 5017839, at *2–5 (D. Minn. Aug. 25, 2020). The Court therefore recites only the relevant procedural developments since its last Order.

On August 25, 2020, the Court granted in part and denied in part the parties' Cross-Motions for Summary Judgment. *Id.* at *14. Relevant here,[1] the Court denied Anoka County and Sheriff Stuart's motion for summary judgment as to Parada's state and common law claims. *See id.* at *13. The Court granted summary judgment to Parada on

---

[1] Although Defendants' Motion to Stay Proceedings Pending Appeal relies in part on Parada's claims against Defendant Officer Oman and his subsequent appeal, the parties have now reached a settlement as to the Coon Rapids Defendants, including Officer Oman. (Minute Entry for Settlement Conference, Oct. 19, 2020, Docket No. 192.)

her Fourteenth Amendment equal protection clause claim against Anoka County, with damages to be decided at trial, because the Anoka County Jail's unwritten policy of contacting ICE for every person born outside the United States unconstitutionally discriminated on the basis of national origin.  *See id.* at *11–12.  However, the Court denied both cross-motions for summary judgment as to Parada's equal protection claim against Sheriff Stuart because it found that a genuine dispute of material fact remains as to whether Sheriff Stuart is entitled to qualified immunity.  *See id.* at *12–13.

Following entry of the August 25 Order, Sheriff Stuart filed an interlocutory appeal with the Eighth Circuit, challenging denial of summary judgment as to Parada's equal protection claim by asserting that he is entitled to qualified immunity.  (*See* App. Case No. 20-2996.)  Anoka County also filed a Petition for Permission to Appeal the Court's grant of summary judgment on the Fourteenth Amendment equal protection clause claim, (Pet. Permission Appeal, Sept. 24, 2020, App. Case No. 20-8010), but the Eighth Circuit denied the petition, (Judgment, Oct. 7, 2020, App. Case No. 20-8010.)[2]

---

[2] After the Eighth Circuit denied Anoka County's Petition for Permission to Appeal, Sheriff Stuart submitted a Statement of Issues for his qualified immunity appeal, (Statement of the Issues, Oct. 9, 2020, App. Case No. 20-8010), which echoed Anoka County's now-denied Petition, (*see* Pet. Permission Appeal at 6.)  Parada then filed a Motion to Dismiss Stuart's qualified immunity appeal, arguing denial of summary judgment was based on factual disputes and therefore not appealable as of right. (Motion to Dismiss, Oct. 22, 2020, App. Case No. 20-2996.)  Parada raises similar arguments in her opposition to Defendants' Motion to Stay, but the Court need not consider whether Sheriff Stuart's appeal is proper to deny Defendants' Motion.

On October 8, 2020, Defendants Anoka County and Sheriff Stuart filed a Motion to Stay Proceedings Pending Appeal.[3] (Mot. Stay, Oct. 8, 2020, Docket No. 186.) Defendants ask the Court to stay an upcoming trial until the Eighth Circuit resolves Sheriff Stuart's appeal. Parada opposes a stay and asks the Court to deny the Motion. (Pl.'s Mem. Opp. Mot. Stay, Oct. 19, 2020, Docket No. 189.)

## DISCUSSION

The Court has the inherent power to stay proceedings to control its docket, to conserve judicial resources, and to ensure that each matter is handled "with economy of time and effort for itself, for counsel, and for litigants." *Landis v. N. Am. Co.,* 299 U.S. 248, 254 (1936). As such, "[a] district court has broad discretion to stay proceedings when appropriate to control its docket[.]" *Sierra Club v. U.S. Army Corp of Engineers*, 446 F.3d 808, 816 (8th Cir. 2006) (citing *Clinton v. Jones*, 520 U.S. 681, 706 (1997)). A court may consider factors such as "conservation of judicial resources and the parties' resources, maintaining control of the court's docket, providing for the just determination of cases, and hardship or inequity to the party opposing the stay." *Frable v. Synchrony Bank*, 215

---

[3] In her response, Parada asserts that Defendants did not comply with Local Rule 7.1 because Defendants failed to meet and confer with Plaintiff, file a memorandum of law, or file a notice of hearing or proposed order. (Pl.'s Mem. Opp. Mot. Stay at 2.) Parada suggests the Court could summarily dismiss the motion for failure to comply. (*Id.*) The Court notes these deficiencies in Defendants' Motion but finds that, irrespective of the filing's shortcomings, Defendants have not shown that a stay is warranted.

F. Supp. 3d 818, 821 (D. Minn. 2016). The party requesting a stay "bears the burden of establishing its need." *Jones*, 520 U.S. at 708.

Because Sheriff Stuart's interlocutory appeal on qualified immunity is pending with the Eighth Circuit, Defendants ask the Court to stay the proceedings to prevent "piecemeal" trials that would "needlessly increase the expense of litigation and unduly burden the Court's limited resources and time." (Defs.' Mot. Stay at 3.) Parada argues that Defendants' request for a stay "simply pushes their reckoning down the road[,] but Parada deserves to have her case decided now" and public interest favors proceeding to trial as soon as possible for the claims not on appeal. (Pl.'s Mem. Opp. Mot. Stay at 8–9.)

Although Sheriff Stuart's interlocutory appeal is pending with the Eighth Circuit, the remaining claims can and should be resolved without further delay. Prompt resolution of the issues within the Court's jurisdiction is in the interest of the Court's and parties' time and resources, particularly as more than two and a half years have elapsed since Parada initiated this case. Denying Defendants' Motion allows the Court to best manage and control its docket.

Moreover, Parada asserts that staying proceedings and pushing back the upcoming trial would prejudice her interest in having her day in court and potentially result in additional hardships related to her ongoing removal proceedings. Defendants, on the other hand, do not assert any potential prejudice to their interests arising from denial of the Motion to Stay. Therefore, the Court finds that Defendants have not established that

a stay is warranted in this case and denies Defendants' Motion.  The Court notes that jury trials have now been continued through December 31, 2020 so trial in this case is not imminent.  The Court will contact the parties to determine a scheduled trial date in 2021.

**ORDER**

Based on the foregoing, and all the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that Defendants' Motion to Stay Proceedings Pending Appeal [Docket No. 186] is **DENIED**.

DATED: November 4, 2020  
at Minneapolis, Minnesota.

_____  
JOHN R. TUNHEIM  
Chief Judge  
United States District Court