UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Myriam Parada,

Plaintiff,

v.

Anoka County, *et al.*,

Defendants.

Case No. 18-cv-795 (JRT/TNL)

**DECLARATION OF ROBERT BENNETT**
<u>**IN SUPPORT OF PLAINTIFF'S MOTION FOR ATTORNEY FEES**</u>

I, Robert Bennett, state and depose as follows:

1. I am a member of the bar of this Court and a partner at Robins Kaplan LLP ("Robins Kaplan"). I submit this Declaration in support of Plaintiff Myriam Parada's Motion for Attorney's Fees in the above-referenced matter.

2. I received my undergraduate education at the University of Notre Dame, where I graduated with honors in English in 1973. I graduated from the University of Minnesota Law School with a J.D. in 1976 and have been an attorney in private practice ever since. My biographical information is attached hereto as Exhibit 1.

3. I have been admitted to practice before the following bars and courts and, from the date of admission forward, have remained a member in good standing:

- 1976: Bar of the State of Minnesota; U.S. District Court, District of Minnesota
- 1982: U.S. Court of Appeals, Eighth Circuit
- 1998: U.S. Court of Appeals, Federal Circuit
- 2000: U.S. Court of Appeals, Seventh Circuit; U. S. District Court, Eastern District of Wisconsin
- 2001: U.S. Supreme Court
- 2005: U.S. Court of Appeals, Eleventh Circuit

4. I am a Fellow of the American College of Trial Lawyers.

5. I am a member of the Hennepin County, Minnesota State and American Bar Associations, the American Association for Justice, and the Minnesota Association for Justice.

6. I received certification from the Minnesota State Bar Association as a Civil Trial Specialist in 1988. In 1989, I received a certification in civil trial advocacy from the National Board of Trial Advocacy. I remain certified with both organizations.

7. In October 2008, I was recognized as an Associate in the American Board of Trial Advocates and have remained in good standing with that organization since my admission.

8. I have lectured at various venues, including the University of California-Irvine School of Law, the National Institute of Trial Advocacy, the Walter P. George School of Law at Mercer University, and the Public Agency Training Council defending law-enforcement litigation (a national seminar held in Las Vegas in 2009). I presented on civil-rights issues at a Minnesota Federal Bar Association seminar and I am a frequent lecturer at the University of Minnesota School of Law on various civil-rights topics.

9. My practice consists almost exclusively of trial work, including civil litigation, personal injury, and civil-rights law. Over the past 30-plus years, my practice has been at least 75% contingent-fee work, in general, with an active practice in civil-rights litigation.

10. I have actively been involved in attorney-fee litigation in connection with civil-rights matters in the District of Minnesota for at least 35 years and I am very familiar with hourly rates of attorneys practicing in this area.

11. The civil-rights lawyers at Robins Kaplan, formerly at Gaskins Bennett Birrell Schupp LLP and later Gaskins Bennett Birrell LLP ("GB"), obtained a Section 1988 fees and costs Order dated April 21, 2015, from United States District Judge David S. Doty in the matter of *Fancher v. Klann*, Civ. No. 13-435 (DSD/JJK). *Fancher* was a Section 1983 excessive-force and civil-rights action resulting in a verdict for the plaintiff of $2,640 in compensatory damages and

$25,000 in punitive damages. Judge Doty awarded GB $237,104.86 for reasonable attorneys' fees in the *Fancher* case, approving hourly rates of $650 for me and $400 for a younger partner.

12. In early 2019, United States District Judge Nancy Brasel approved a fee award in another case handled by the GB civil-rights team, *Huber v. Sobiech*, Civ. No. 18-2317 (NEB/LIB). Judge Brasel approved an award of attorneys' fees of $710,000 in the *Huber* case; GB's civil-rights attorneys charged hourly rates in *Huber* of between $500 and $700 per hour.

13. More recently, Your Honor approved distribution of settlement proceeds in *Lynas v. Stang*, Civ. No. 18-2301 (JRT/KMM), an Eighth Amendment jail-suicide case. *Lynas* settled for $2,300,000, of which Your Honor approved attorneys' fees and costs in the amount of $1,112,604.69, with $1,035,000 of that total constituting attorney fees. My rate for work on the *Lynas* matter was $775 per hour, which is my current hourly rate.

14. The other attorneys comprising the Robins Kaplan civil-rights team have hourly rates of $660 and $620, respectively, for partners Andrew J. Noel and Kathryn H. Bennett, and $520 for counsel Marc E. Betinsky.

15. I believe all of these hourly rates are reasonable and appropriate and are consistent with the market for civil-rights work in Minnesota.

16. I am very familiar with Plaintiff's counsel, ACLU attorney Ian Bratile, and his work in civil-rights litigation. I worked extensively on a case prosecuted by the ACLU and Robins Kaplan jointly and have a good understanding of Mr. Bratile's education and experience in such matters.

17. Mr. Bratile's intellect and work product are very good, and I hold in high esteem persons like him with long-standing motivations and dedication towards helping those who could not otherwise assert their civil rights in court. Based on my knowledge and experience, I believe the $420 hourly rate he has requested is not only reasonable and clearly due him but, in reality, is a bargain under the circumstances.

18. I have also reviewed Mr. Bratile's time entries for work performed on this case and believe they are reasonable and appropriate given the duration, history, and complexity of the matter.

19. This action was litigated over nearly three years and included an interlocutory appeal to the Eighth Circuit following Plaintiff's successful summary judgment motion, in addition to several earlier motions. As the number of entries on the docket reflects, the case was complicated and aggressively litigated by the defendants. The matter ultimately culminated in a four-day jury trial before Your Honor. It is my opinion that the number of hours

expended on the matter by Mr. Bratile are fair and reasonable given the depth and breadth of the task assumed by him.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct. Executed on the 2ND day of March, 2021.

_____
Robert Bennett