UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

_____

Myriam Parada,　　　　　　　　　　　Court File No.: 18-CV-795 (JRT/TNL)

　　　　　Plaintiff,

vs.　　　　　　　　　　　　　　　　**DEFENDANTS' OBJECTIONS TO
　　　　　　　　　　　　　　　　　　PLAINTIFF'S BILL OF COSTS**

Anoka County and Anoka County
Sheriff James Stuart,

　　　　　Defendants.

_____

　　　Pursuant to Local Rule 54.3(c)(1)(b), Defendants Anoka County and James Stuart object to Plaintiff Myriam Parada's Bill of Costs. Plaintiff submitted a Bill of Costs totaling $9,738.25, comprised of the following items:

| Fees of the Clerk | $400.00 |
| Fees for service of summons and subpoena | $250.00 |
| Rebecca Johnson Depo. Transcript (ECF 291-1, p.8) | $1,096.25 |
| Plaintiff Myriam Schewe-Valdivia Depo. Transcript (ECF 291-1, p. 9) | $619.60 |
| Dustin Lemke Depo. Transcript (ECF 291-1, p. 10) | $562.75 |
| Bryan Hermanson Depo. Transcript (ECF 291-1, p. 11) | $344.25 |
| David Pacholl Depo. Transcript (ECF 291-1, p. 12) | $1,581.25 |
| Gabriel Flores Depo. Transcript (ECF 291-1, p. 14) | $180.15 |
| Sheila Larson Depo. Transcript (ECF 291-1, p. 15) | $546.00 |
| Nicolas Oman Depo. Transcript (ECF 291-1, p. 16) | $612.65 |
| Trial Transcript (ECF 291-1, p. 18) | $3,545.35 |
| **TOTAL** | **$9,738.25** |

1

## LEGAL STANDARD

A judge or clerk of the district court may tax as costs, under 28 U.S.C. § 1920, fees of the clerk and marshal, and fees for printed or electronically recorded transcripts "necessarily obtained for use in the case." "Although a prevailing party is presumed to be entitled to allowable costs, courts have substantial discretion in fashioning an award within the categories of allowable costs in 28 U.S.C. § 1920." *B&B Hardware, Inc. v. Hargis Indus., Inc.,* 2017 WL 10309308, at *3 (E.D. Ark. Mar. 21, 2017), *aff'd*, 912 F.3d 445 (8th Cir. 2018), citing *Hibbs v. K-Mart Corp.*, 870 F.2d 435, 443 (8th Cir. 1989) (recognizing that both § 1920 and Rule 54 are phrased in permissive terms).

 Defendants object to Plaintiff's attempt to tax costs against them for the deposition transcript of Nicolas Oman and for the trial transcript. Additionally, the Anoka Defendants should only be taxed for half the costs of the transcripts for the depositions of Plaintiff Myriam Parada (n/k/a Myriam Schewe-Valdivia) and Gabriel Flores because, at the time of the depositions, two additional defendants (Nicolas Oman and the City of Coon Rapids) were actively involved in the case and half the subject matter of those depositions dealt with the separate and distinct claims against those defendants.

### The Oman Deposition Transcript

Myriam Parada brought suit against two sets of defendants based on separate sets of facts.  Parada was arrested by Officer Nicolas Oman, of the Coon Rapids Police Department, and then brought to the Anoka County Jail.  Parada brought claims against Defendant Oman and his employer, the City of Coon Rapids, based on the alleged wrongfulness of the arrest. (ECF 99, pp. 4-10, 23-41).  She also brought claims against

2

Sheriff James Stuart and Anoka County based on alleged violations of her constitutional rights while in custody. Neither Oman nor the City of Coon Rapids were associated with the Anoka Defendants except for the fact that they were all named as defendants in this case. Oman and Coon Rapids were represented by attorney Ryan Zipf and the League of Minnesota Cities, not by the Anoka County Attorney's Office. On December 15, 2020, Plaintiff voluntarily dismissed Oman and Coon Rapids from this case after obtaining a private financial settlement. (ECF 209). She proceeded to trial against Sheriff Stuart and Anoka County on separate claims.

At trial, Parada did not once mention Officer Oman. And for good reason. Officer Oman was at the Anoka County Jail for a mere matter of minutes as he transferred Parada to the jail's custody. As it considers Parada's Bill of Costs, the Court should ask whether Parada took the deposition of Nicolas Oman on August 23, 2019 (16 months before obtaining a private settlement and dismissing him from the case) primarily as a means of prosecuting claims against Officer Oman, himself, or if it was taken toward the prosecution of claims against Anoka County and its sheriff James Stuart. The Oman transcript was "necessarily obtained for use in the case" against Oman and Coon Rapids, not for use in the case against the Anoka Defendants. Consequently, the Anoka Defendants should not be required to foot the bill for Plaintiff's transcript costs for the deposition of a separate defendant. The charge of $612.65 for the transcript of the Deposition of Nicolas Oman should be deducted from Plaintiff's Bill of Costs.

**Costs for Trial Transcripts**

The Anoka Defendants should also not be required to pay for the trial transcripts Plaintiff ordered. "Typically, a trial transcript is a necessary expense on appeal, but a trial transcript is not always necessary for use in the trial itself." *B&B Hardware, Inc.*, 2017 WL 10309308, at *5 (E.D. Ark. Mar. 21, 2017), citing *Emmenegger v. Bull Moose Tube Co.*, 33 F. Supp. 2d 1127, 1134-35 (E.D. Mo. 1998) (denying daily trial transcripts for nine day trial because it was not "necessary," but only "helpful"). "Before awarding such costs, the court should determine that transcripts were not obtained primarily for the convenience of parties but were necessary for use in the case." *McDowell v. Safeway Stores, Inc.*, 758 F.2d 1293, 1294 (8th Cir. 1985) (affirming denial of trial transcript costs because citations contained within mandatory post-trial briefs "were largely based on trial exhibits" and not trial testimony).

Case law from the Eighth Circuit and other federal courts demonstrates that costs for trial transcripts may be taxed against an opposing party in a limited number of situations. The most common situation is where a party orders daily trial transcripts during a long and complex trial in order to keep track of all the evidence. Notably, Parada did not order daily transcripts. She ordered trial transcripts after trial had concluded and, indeed, after judgment already had been entered. (ECF 269 (judgment entered on February 2, 2021) (ECF 291-1, p. 18 (trial transcript ordered on February 17, 2021).

In *Jo Ann Howard & Assocs., P.C. v. Cassity*, the Eastern District of Missouri taxed costs against the defendant for daily transcripts of a trial that "spanned over four weeks, covered numerous issues, the testimony of dozens of witnesses, the introduction of an

4

extensive array of evidence, and more." 146 F. Supp. 3d 1071, 1081 (E.D. Mo. 2015). In reaching its decision, the court cited to a "series of cases at both the district and circuit court levels awarding or affirming costs of daily trial transcripts on theories regarding the length and complexity of the case, on the heavy reliance of parties and courts, on their use in post-trial briefing, and more." *Id.* at 1081–82, citing *United Int'l Holdings, Inc. v. The Wharf (Holdings) Ltd.*, 174 F.R.D. 479, 484 (D.Colo. 1997) (permitting the recovery of costs for trial transcripts given the length and complexity of the case); *Commerce Oil Refining Corp. v. Miner*, 198 F.Supp. 895, 897 (D.R.I. 1961) (same); *Perks v. Town of Huntington*, 331 Fed.Appx. 769, 770 (2d Cir. 2009) (affirming an award of daily trial transcripts because the court and parties extensively relied on them); *Majeske v. City of Chicago*, 218 F.3d 816, 825 (7th Cir. 2000) (same); *Baker v. John Morrell & Co.*, 263 F.Supp.2d 1161, 1207–08 (N.D.Iowa 2003) (taxing costs for daily trial transcripts where they were used in post-trial motions).

By contrast, the trial in this matter included only two counts (one of which was tried only on the element of damages), lasted less than four days, and included testimony from only seven witnesses. Daily trial transcripts were not even ordered; it was not until after trial that Plaintiff ordered transcripts. And trial transcripts were not necessary for post-trial briefing because the two counts at trial were decided by the jury. Because of that fact, the Court did not request any post-trial briefing or proposed findings of fact and conclusions of law that required reference to the trial record.

Plaintiff did not utilize the trial transcripts in her post-trial motion for attorneys' fees. (ECF 296). She only cited to the trial transcript in her post-judgment motion for

5

injunctive relief under Rule 59(e). (ECF 284). But for two reasons that use of transcripts does not entitle her to tax costs against the Anoka Defendants. First of all, there were few (if any) trial citations in Plaintiff's brief that could not have been made to identical deposition testimony to establish the same point of fact. And many of the trial citations are actually citations to exhibits submitted at trial, which could have been cited to from the discovery record. (*See, e.g.,* ECF 284, pp. 4-7). Indeed, Plaintiff could have (and should have) brought her motion for injunctive relief well before trial, in which case she would have relied exclusively on the discovery record to support her motion. Parada's unnecessary choice to delay bringing forward a claim for injunctive relief, instead of doing so before (or at) trial, does not mean that the Anoka Defendants should have to pay for the transcript she sparingly cited to in bringing the delayed and untimely motion.

Secondly, Plaintiff's post-judgment motion for injunctive relief is untimely, procedurally defective, and very likely to fail. Because of its defects, the trial transcripts cannot be characterized as "necessarily obtained for use in the case." This very sort of post-judgment motion for injunctive relief that Parada raised has been tried before and it has failed. In *Glass v. Sue*, 2011 WL 13213651 (C.D. Cal. 2011), the plaintiff obtained a jury award of damages against the defendant for copyright infringement. After trial, the plaintiff brought a motion for permanent injunction under Rule 59(e), just as Parada has done here. *Id.* at * 1. The court rejected that motion, explaining that:

> A motion to alter or amend a judgment [under Rule 59(e)] may not be used merely to reconsider factual or legal arguments that could have been raised prior to entry of judgment. This threshold requirement bars courts from granting a Rule 59(e) motion that seeks additional relief not requested at trial or in the complaint….[A]t no time before entry of judgment did Plaintiff seek

6

> an additional claim for injunctive relief. As such, Plaintiff has failed to meet the threshold requirements necessary for relief under Rule 59(e).

*Id.* at * 2. The Anoka Defendants have more fully briefed this issue in their response to Plaintiff's motion for injunctive relief. The Court has not yet ruled on Parada's post-judgment motion, but regardless of the outcome of that motion the trial transcripts are not necessary to litigate the case. Parada's deliberate choice to delay bringing a motion that should have been brought earlier in the case should not inflict unnecessary costs on the defendants.

A post-judgment motion for injunctive relief is almost unheard of, and on the few occasions when such a last-chance motion is filed it invariably fails. *See Trowbridge Sidoti LLP v. Taylor*, 2018 WL 2670656 (C.D. Cal. 2018); *Walker v. Anderson Electrical Connectors*, 944 F.2d 841 (11th Cir 1991). Parada used the trial transcripts only in connection with her futile and untimely motion. The Anoka Defendants should not bear the cost of it. The charge of $3,545.35 for the trial transcripts should be deducted from Plaintiff's Bill of Costs.

### Costs for Parada and Flores Transcripts

The transcript for the Deposition of Myriam Parada is 186 pages long. Ms. Parada was examined at her deposition by counsel for Oman, by counsel for the Anoka Defendants, and by Plaintiff's counsel. The portion of that transcript recording the examination by counsel for the Anoka Defendants can be found between pages 91 and 160, pages 164 through 168, and on page 182 through 186. Thus, the portion of Parada's deposition transcript relevant to the Anoka Defendants covered 79 pages of a 186-page

transcript, amounting to well less than half of the transcript. (Declaration of Andrew Jackola in Support of the Anoka Defendants' Objections to Plaintiff's Bill of Costs, ¶ 2).

The transcript for the Deposition of Gabriel Flores is 48 pages long. Mr. Flores was examined at his deposition by counsel for Oman, by counsel for the Anoka Defendants, and by Plaintiff's counsel. The portion of that transcript recording the examination by counsel for the Anoka Defendants can be found between pages 25 and 42, and on page 47, amounting to 18 pages of a 48-page transcript (or 3/8 of the transcript). (Id., at ¶ 3).

Because less than half of the respective transcripts contain testimony concerning Plaintiff's claims against the Anoka Defendants, and the balance of the transcripts contain testimony relevant only to the claims against the Coon Rapids Defendants, Anoka County should not bear the full costs for those transcripts. This Court should exercise its discretion under Rule 54 of the Federal Rules of Civil Procedure and award Plaintiff no more than half the costs associated with those transcripts.

The bill for the Parada Deposition Transcript amounted to $619.60. The bill for the Flores Deposition Transcript amounted to $180.15. These sums should be reduced by at least half from Plaintiff's Bill of Costs. The combined portion of these costs reasonably attributable to the Anoka Defendants amounts to no more than $399.88.

## **CONCLUSION**

Plaintiff Myriam Parada filed a Bill of Costs amounting to $9,738.25. The Anoka Defendants should not be taxed with this entire amount. The Court should deduct from that sum $3,545.35 (representing the cost for the unnecessary trial transcripts); and $612.65 (representing the cost for the transcript from the Deposition of Nicolas Oman); and $399.87

8

(representing the portion of costs from the Flores and Parada depositions attributable to litigating claims against Oman and the City of Coon Rapids).

Accordingly, the Anoka Defendants should be taxed no more than $5,180.38 in costs.

ANTHONY C. PALUMBO
ANOKA COUNTY ATTORNEY

Dated:  March 18, 2021         By:   *s/ Andrew T. Jackola*
Andrew T. Jackola (#344072)
Andrew.Jackola@co.anoka.mn.us
Jason J. Stover (#30573X)
jason.stover@co.anoka.mn.us
Anoka County Attorney's Office
2100 Third Avenue
Anoka, Minnesota  55303
Phone:  (763) 324-5550
Fax:  (763) 324-5360
Assistant Anoka County Attorney
**Attorneys for Defendant Anoka County**